Curia ulterius adiiisare vult.

Tuesday, April 19. The Judges delivered their opinions.-
Judge Tucker.-
This was a supersedeas to a judgment Of the County Court of Frederick obtained by the appellees, Wilson and Dunlap, against-the appellants as heirs and devisees óf John Hite, deceased, in the County Court, to which the appellants obtained a writ of supersedeas.
Wilso'n and Dunlap appeared by their attorney and pleaded first, a release by Elsha Boyd as attorney for the Hites, &c. of all errors in the proceedings at law prior to the rendition of the first judgment, and, secondly, a release by Th. Lee, A. P. Buchanan, and Edward Gaunt, being the husbands of the females aforesaid, (who were not before named,) of all errors in the judgment On a delivery bond,faken upon an execution sued out on the first judgment* The record then proceeds, 44 which pleas the said Theodo " rick, &c. join, and the same is continued,” &c. on which day came a Jury, who, being sworn to try the issues, returned a special verdict as to the first; but took no notice of the second. The Court gave judgment in favour of the defendants in error, Wilson arid Dunlap; from which judgment the plaintiffs in error appealed.
In the argument of this case a question arose whether a defendant iri error can be admitted to plead a release of errors to a writ of supersedeas.
The tenor of the writ of supersedeas, .independent of authorities, would .seem to settle this question. The sheriff is commanded fa supersede from his execution because the Judgment for cause of error is removed before the Superior *285 Court to be corrected. And he is further commanded to give the defendants notice to be before that Court to have a rehearing. This operates, in fact, as a writ of error granted by a single Judge out of Court; as is well explained in 1 Wash. 117, 118. White v. Jones, and 2 Wash. 162, 163. Lee v. Turberville. That a release of errors may be pleaded to a writ of error, and that it ought to be so pleaded, as that the plaintiff may take issue upon it, is clearly-proved by the books.(a) And the rule is, that if, in error, a release is pleaded, and found for the plaintiff in error, yet if there is no error, the Court cannot reverse the judgment : and, if the release be found for the defendant, a different judgment must be given, according as the error assigned is sufficient or not; for, if it is a good error, the judgment must be that the plaintiff be barred of his writ of error, and not that the first judgment be aífirmed.(b) I therefore conclude that a release of errors may be pleaded to a writ of supersedeas.
As to the substance of these picas I shall say nothing at present. The plaintiffs might have demurred to them, if they thought them defective in either form or substance. But the record tells us they joined. This is precisely like the case of Stevens v. Taliaferro,(c) the pleas in which concluded, as these pleas do, with a verification; and then the record stated, “ and thereupon issue was joined by the parties.'’’(d) Yet, this Court held there was in fact no issue joined; and affirmed the judgment of the District Court which had for that cause awarded a repleader. In that case the Court field the plea to be good, and therefore awarded a repleader only back to the plea. In Smith v. Walker(e) the declaration being bad, this Court did not award a repleader. In the present case, without deciding upon the substance of either plea, I am inclined to think both defective in point ofform. This might have been .brought regularly before the Court by a demurrer; but, as the parties have chosen to contest the fact of the releases pleaded, rather than the law with respect to them, I think we ought to award the rcpleader, its far back as to the supersedeas.
*286 If, however, the Court should think that no repleader ought to be awarded, I still shall be of opinion that there ought to be a new trial. The Juiy have found nothing as to the second plea ‘, and, whether that plea be material or not, we can do no more than set aside the verdict for this omission. The case of Cooke v. Simms,(a) clearly shews that where any issue in fact remains to be ti-ied, or otherwise disposed of, the Court will remand the cause for such further proceedings as the parties may be advised to pursue.
Upon these grounds, I am of opinion that the judgment be reversed; the verdict and pleadings, including the pleas, set aside, and the cause remanded to the District Court, and a repleader be awarded there, if the parties should think proper to plead de novo.
Judge Roane.
The supersedeas obtained m this case, is on the ground of errors in point of law existing upon the face of the record. It does not therefore involve the question whether a supersedeas will lie for errors in point of fact existing at the time of the judgment; such as nonage, death of the plaintiffs, &c. Whenever that point, which has never been decided in this Court, shall occur, it will be important to consider whether the jurisdiction of the Court in granting supersedeases is not limited by the criterion established by the certificates of counsel in such cases; namely, to errors apparent on the face of the record only. On this point I now give no decided opinion; but it is evident that if such be deemed the true construction upon this subject, no injury is done to parties, for they may still proceed, in the other case by way of writ of error.
It is said that in this case, the release should not be pleaded, but that the Court should quash the supersedeas as having improvidently issued. In those cases where this has been done, in this Court, it plainly appeared on the face of the judgment or proceedings themselves that the writ ought never to have issued.
*287 In the case of Gaskins v. The Commonwealth,(a) for instance, by reference to the judgment, and the general rule of limitation, it plainly appeared that the supersedeas was barred by time, and consequently ought not to have issued; and in Burwell v. Anderson(b) it was evident from the record itself, that there existed no judgment in that case to justify the supersedeas: but, in the case before us, while the record exhibited to the Judge seems to teem with error upon the face of it, it only appeared- subsequently, upon pleading the release, or, at most, upon the coming in oí the new record upon the certiorari, which (perhaps irregularly, as it properly appertained to the Chancery side of the proceedings) introduced the injunctions which had been obtained and the releases of errors granted thereupon, that the supersedeas was thereby probably barred: but ought this Court now to say, that the Judge of the District Court, t aking the existence and the validity of the releases for granted, when they were neither exhibited nor pleaded, ought not to have granted the, supersedeas, and that it ought now to be quashed as having improvidently issued ?
I will now cite tiro cases which were not mentioned in the argument, and which seem to answer perhaps all the other objections taken in the case before us.
The ease of Gomez Serra v. Munez(c) was a writ of error depending in the Exchequer Chamber, a Court of Error, like this, having no original jurisdiction, and consisting, I believe, of all the Judges.(d) The defendant in error moved the Court of Chancery for a supersedeas to the writ of error, on affidavit that he had a release of errors which he could have no benefit of in the Exchequer Chamber for want of power in that Court to try the release. It was answered by the counsel for the plaintiff in error that it was a vulgar error to imagine that they (the Exchequer Chamber) could not try it, for that the stat. 27 Eliz. 8. had given them power “ to examine all errors, and therefore to “ reverse or affirm as the law shall require,” and that it was the highest'absurdity to imagine a Court to be so constituted *288 as to be obliged to reverse a judgment for an error which the party (having given a release) has no right to assign: that besides, the notion that they cannot by a release, proceeds from confounding the case of a release of errors, with that of assigning errors in fact, and concluding from thence that he cannot plead a release, &c. And per King, Chancellor. “ I think it a great absurdity to imagine that the “ Court which is to hold plea on a writ of error, should “ not have power to do justice by giving the party the “ benefit of his release s I think they may try the re- <£ lease and award a venire under the seal of the Court of £t Exchequer, and if they may, I see no reason why I <c should deprive the party of the benefit of the trial by Jury by inquiring into the validity of the release upon a mo- <£ tion to supersede the writ. I will make no order in the a case.”
This case goes beyond the one at bar s it even extends to the case of a supersedeas taken to this Court: but the case before us is to be considered merely in relation to the proceedings by the District Court, which can be under no difficulty in impanelling a Jury to try the validity of the release.
In the case just cited, however, the release pleaded was a mere private one: but in 3 Atk. 297.(a) it appears that on a writ of error to the Exchequer Chamber, a release precisely similar to the one before us (namely, a release granted in obtaining an injunction) was pleaded. These two cases therefore seem in all points, to come up to the case before us.
As to the pleas in the present case, the record does not shew that any issue was joined thereupon; nor, if so, whether it was an issue in law or in fact: it merely says that they '■'•joined such pleas A This I infer to have been no issue, upon die authority of Stevens v. Taliaferro, adm'r of Thornton;(b) nor has the verdict of the Jury answered to the second plea. I am therefore of opinion that a repleader ought to be awarded 5 and as both pleas are probably de» *289 fective in point of form, and the first is also defective in point of substance, in not averring that the release signed by Elisha Boyd, the attorney, was for the purpose of obtaining an injunction, I think the repleader ought to go up to the writ of supersedeas itself.
Judge Fleming concurring, the judgment was re versed ; ail the proceedings back to the supersedeas set aside ; and a repleader awarded.

 2 Lord Raym. 1005. 1046. 1052. 2 Salt. 253. 2 Strange, 1215. Ca. temp. Hardw. 345. Bac. Abr. Title Error, L.

 2 Ld. Ray. 1005 — 1906.

 1 Wash. 155.

 Vide 2 Call,309.Kerr v. Dixon.

 1 Wash. 135.

 2 Call, 39 and 357.

 1Call,202.

 2 Wash. 194.

 Stra. 808.

 3 Bl.Com. 56.

a) Case 105. Anonymous.

 1 Wash. 155.